IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VINCENT L. MOLINA,

    Plaintiff,

  v.                                                                      No. CIV 15-0351 RB/SMV

PHILLIP GREER,
ERNESTO R. JACKSON,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's removed state court complaint (CM/ECF Doc. 1-2, pp. 1-3) and his Civil Rights Complaint (Doc. 4). Plaintiff is incarcerated and appears pro se. The state court granted Plaintiff free process (CM/ECF Doc. 1-3, pp. 5-6), and this Court will grant his motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 7). Because the removing Defendant paid the filing fee in this Court, no further payment is owed. Defendants have answered both of Plaintiff's complaints. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names the director of the Bernalillo County Metropolitan Detention Center and an officer-employee as Defendants. Plaintiff alleges that, while he was confined at the detention center, Officer Jackson and others injured him by using excessive force. He also alleges that he was denied medical treatment for his injuries. The complaint contends that Defendants' actions violated a number of Plaintiff's federal and state constitutional protections. Plaintiff seeks damages.

No relief is available on Plaintiff's allegations against Defendant Greer in this § 1983 action. The complaint makes no allegations affirmatively linking Defendant Greer to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a government official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* "We have said that a plaintiff cannot establish liability under § 1983 merely by showing that the defendant was in charge of others who may have committed a constitutional violation. Instead, the plaintiff must establish a 'deliberate, intentional act by the supervisor to violate constitutional rights.' " *Phillips v. Tiona*, 508 F. App'x 737, 744 (10th Cir. 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)). The Court will dismiss Plaintiff's claims against Defendant Greer.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28

U.S.C. § 1915 (Doc. 7) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Greer are DISMISSED.

_____
UNITED STATES DISTRICT JUDGE