IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VINCENT L. MOLINA**

    **Plaintiff,**

v.                                                                                                                                                                No. 15-cv-0351 RB/SMV

**ERNESTO R. JACKSON,**

    **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTIONS TO AMEND COMPLAINT

THIS MATTER is before the Court on Plaintiff's Motions to Amend Complaint, [Doc. 9], filed May 28, 2015, and [Doc. 15], filed October 22, 2015.  Because Plaintiff has already filed one amended complaint, [Doc. 4], Federal Rule of Civil Procedure 15(a)(2) requires either consent of the opposing party or leave of the Court before he can file another. Both of Plaintiff's motions are **GRANTED**.

## ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure states that, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id*.  While courts should consider several factors in determining whether to grant leave to amend a complaint, the standard the moving party must meet is easily met.  In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court of the United States stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant,

> repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id*. at 182.

In his first motion, [Doc. 9], Plaintiff seeks to amend his complaint in order to invoke an additional constitutional provision under which he seeks relief.  In his second motion, [Doc. 15], Plaintiff seeks to amend the case caption so that it omits the name of a defendant who was dismissed from the case, *see* [Doc. 14], and to change the dates of the alleged incident from April 12–13, 2013, to April 13–14 of the same year.  Neither of the motions indicates bad faith on the part of the Plaintiff.  There has not been a repeated failure by Plaintiff to cure deficiencies in previous amendments, nor is there an indication that permitting Plaintiff to amend his complaint would cause undue prejudice to the Defendant.  Finally, while the Court does not pass on the wisdom or merits of the Plaintiff's motions, there is no indication at this stage that the motions are futile.

As the Court can find no reason why it should prevent Plaintiff from amending his complaint, Plaintiff's motions [Doc. 9] and [Doc. 15] are **GRANTED**.  Plaintiff's operative complaint now consists of [Doc. 4] as amended by [Docs. 9, 15].

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**