IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VINCENT L. MOLINA**

    **Plaintiff,**

**v.**                                                  **No. 15-cv-0351 RB/SMV**

**ERNESTO R. JACKSON,**

    **Defendant.**

### ORDER DIRECTING DEFENDANTS TO SUBMIT *MARTINEZ* REPORT AND GRANTING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel. [Doc. 8]. Plaintiff brought suit against Defendants pursuant to 42 U.S.C. § 1983 seeking monetary relief. [Doc. 4] at 8. Plaintiff was a pretrial detainee at Bernalillo County Metropolitan Detention Center (BCMDC) during the events alleged in his complaint. *See* [Doc. 4]. On the night he was booked into BCMDC, Plaintiff alleges that Defendant Jackson threw him to the ground after removing him from an altercation with another prisoner. While pinned on the ground by Defendant Jackson, Plaintiff alleges that unidentified correctional officers jumped on his back and legs, and that Defendant Jackson held his right eye open while an unidentified correctional officer sprayed mace into it. Plaintiff alleges that unidentified correctional officers then took him into the "shower/dress-out" area, stripped him of his clothing, and punched and slapped him until he could not breathe. Finally, Plaintiff alleges that he was denied medical attention after the incident. *Id*. at 4–6.

In his motion to compel, Plaintiff seeks video recordings from the booking area and shower/dress out area, photographs of Plaintiff taken after the alleged incident, and the incident report that was filed.  [Doc. 8] at 1–2.

In a suit brought by a pro se prisoner, the Court may order the defendants to investigate the incident underlying the suit and to submit a report of the investigation, known as a *Martinez* report.  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *see Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (affirming the propriety and necessity of such reports).  The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims.  *Hall*, 935 F.2d at 1109.  The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or sua sponte.  *Id.* at 1109–10; *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment sua sponte, as long as the opposing party was on notice that she had to come forward with all her evidence).  However, the prisoner must be given an opportunity to present evidence to controvert the facts set out in the report.  *Hall*, 935 F.2d at 1109.

In order to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims, Defendants are **ORDERED** to submit materials that will help this Court resolve Plaintiff's claims, in the form of a *Martinez* report, as explained herein.  Further, Plaintiff's Motion to Compel, [Doc. 8], is **GRANTED.**  To the extent that they exist, Defendants are ordered to produce the materials Plaintiff requests as part of their *Martinez* report or explain why they were unable to do so.

**Directions for Preparing the *Martinez* Report**

Defendants' *Martinez* report must address the allegations against them as well as any defenses raised in their answer that they wish to pursue, including, but not limited to, any assertions of immunity.

Defendants must produce all reports and records concerning Plaintiff's allegations, including any incident reports filed. Defendants must produce records of any medical treatment sought or received by Plaintiff in relation to the allegations. Defendants must also produce any photographs or video of Plaintiff taken at or near the time of the alleged incident (which, according to Plaintiff, occurred at or near the day he first arrived at BCMDC).

Defendants must produce any grievances filed by Plaintiff related to the allegations, and any responses to those grievances.

Defendants must identify by name the other correctional officers involved in the alleged incident or provide information that could aid in their identification.

In addition, Defendants must abide by the following instructions in preparing their report:

1) The report must include a written brief that discusses all of the claims and defenses. Factual assertions in the briefs must be supported by proof, such as affidavits or documents. *See Hayes v. Marriott*, 70 F.3d 1144, 1147–48 (10th Cir. 1995).

2) The report must state whether records pertaining to the allegations exist.

3) The report must state whether policies or regulations addressing the allegations exist.

4) If relevant records, policies, or regulations do exist, copies must be included as attachments to the report. The attachments should be arranged in a logical order and

must be properly authenticated by affidavits.  *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176–77 (D.N.M. 2006).

In addition, Defendant shall provide a *Vaughn* index,[1] which includes a substantial description of any documents Defendant contends should not be disclosed.  *In camera* review of those documents may be required by further Court order.

The *Martinez* report must be filed and served on Plaintiff no later than **January 4, 2016**. Plaintiff must file his response or objections to the report no later than **February 3, 2016.** Defendants must file their reply, if any, no later than **February 17, 2016**.  **The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or sua sponte.  Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims.**

   IT IS SO ORDERED.

_____
                              **STEPHAN M. VIDMAR**
                              **United States Magistrate Judge**

---

[1] A *Vaughn* index is a compilation prepared by the government agency...listing each of the withheld documents and explaining the asserted reason for its nondisclosure. *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 940 n.3 (10th Cir. 1990) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).