IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VINCENT L. MOLINA

     **Plaintiff,**

v.                                      **No. 15-cv-0351 RB/SMV**

ERNESTO R. JACKSON,

     **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment ("Motion") [Doc. 30], filed February 3, 2016.  Plaintiff responded on March 7, 2016.  [Doc. 35]. Defendant replied on March 18, 2016.  [Doc. 36].  On May 4, 2015, the Honorable Robert C. Brack, United States District Judge, referred this matter to me for analysis and a recommended disposition.  [Doc. 2].  Having reviewed the pertinent filings and relevant law, and being otherwise fully advised in the premises, I recommend that Defendant's Motion for Summary Judgment [Doc. 30] be granted and Plaintiff's claims be dismissed without prejudice.

### Summary Judgment Standard

Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant must support its request by "citing to particular parts of materials in the record, including depositions, documents,  electronically stored information, affidavits or

declarations, stipulations . . ., admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).

The movant has the initial burden of establishing that there is an absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If this burden is met, the non-movant must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1526 n.11 (10th Cir. 1992). Although all facts are construed in favor of the non-movant, he still has a responsibility to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (alteration in original) (internal quotation marks omitted).

A pro se non-movant must "identify specific facts that show the existence of a genuine issue of material fact." *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (internal quotation marks omitted). Conclusory allegations are insufficient to establish an issue of fact that would defeat the motion. *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1180 (10th Cir. 2013).

In a suit brought by a pro se prisoner, a court may order the defendants to investigate the plaintiff's claims and submit a report of that investigation, called a *Martinez* Report. *See Hall,* 935 F.2d at 1109; *Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978). A court may use the *Martinez* Report to grant summary judgment upon motion of the defendants. *Hall*, 935 F.2d at 1009–13; see also *Celotex*, 477 U.S. at 326 (courts possess the authority to enter summary

2

judgment sua sponte, so long as the losing party is on notice that she must come forward with all her evidence).

### Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") sets out express limitations prior to proceeding with a viable lawsuit. Under 42 U.S.C. § 1997e(a) of the PLRA, a prison inmate is required to complete the prison administrative process before suing over prison conditions. *Booth v. Churner*, 532 U.S. 731, 733–34 (2001). The exhaustion requirement is designed to be a disincentive for prisoners who would rather bypass available internal procedures and proceed directly to a lawsuit in federal court. The hope is that some prisoner litigation may be avoided and that the suits that are brought have better documentation for the court to consider. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

Congress has eliminated both the discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy, and effective. Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Booth,* 532 U.S. at 739–41. The PLRA's exhaustion requirement applies to all suits arising out of prison life. *Porter v. Nussle*, 534 U.S. 516, 525 (2002); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." *Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1207 (10th Cir. 2003) (internal quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Accordingly, an inmate must do more than initiate the administrative grievance process; he must also complete it prior to filing suit. *Jernigan*, 304 F.3d at 1032.

In a suit governed by the PLRA, the burden of proof for the exhaustion of administrative remedies lies with the defendant. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Defendant must prove that: (1) administrative remedies were available to the plaintiff, and (2) the plaintiff failed to exhaust those remedies. *Purkey v. CCA Det. Ctr.*, 2008 WL 313627, at *2, 263 F. App'x 723, 726 (10th Cir. 2008).

**Plaintiff has failed to exhaust his administrative remedies.**

Plaintiff's allegations arise from the night of April 12, 2013, when he was booked into Bernalillo County Metropolitan Detention Center ("BCMDC"). [Doc. 4]. Plaintiff admits that he was in a short altercation with another detainee in his cell. Plaintiff alleges that correctional officers disrupted the altercation by spraying mace into the cell. He further alleges that they held one of his eyes open and sprayed mace directly into it. Finally, he alleges that he was taken to the "shower/dress-out room" where correctional officers stripped off his clothing and struck him. *Id* at. 6. He states that the actions of these correctional officers violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. *Id*. at 3 *and* [Doc. 9]. He claims that as a result of the correctional officers' actions, he suffers from post-traumatic stress disorder. [Doc. 4] at 5.

BCMDC policy in effect at the time of these events[1] required that "[a] grievance must be submitted within five (5) working days of the incident or situation on which the grievance is based." [Doc. 22-1] at 6. Plaintiff first attempted to submit a grievance on May 6, 2013, 24 days

---

[1] Current BCMDC policy provides that "a grievable issue will become non-grievable if a grievance is not submitted within 10 days of the alleged incident or procedure." [Doc. 19-4] at 3. Even if the Court were to consider this more lenient policy, it would not change the outcome. Plaintiff first attempted to initiate his grievance 24 days after the alleged inicident, so his grievance is not timely under either policy.

after the alleged incident.[2]  [Doc. 19-3] at 8.  Plaintiff also states that he "exhausted the grievance system at [BCMDC] via electronic kiosk and tried [the] appeal process also through the electronic kiosk.  I also tried going through the case worker [named] Michelle."  [Doc. 4] at 7.

The BCMDC policies and the records of Plaintiff's grievance requests conclusively establish that (1) administrative remedies were available to Plaintiff for all of the claims raised in his Complaint, and (2) he failed to exhaust those remedies because his grievance was not timely filed.  Besides, Plaintiff does not argue otherwise.  *See Schelin v. Haun*, 92 F. App'x 688, 690 (10th Cir. 2004) ("[A]n inmate who fails to exhaust his administrative remedies by failing to meet the time limit for filing a grievance does not exhaust his administrative remedies by default.") (citing *Jernigan*, 304 F.3d at 1033).

**Plaintiff was not prevented from exhausting his administrative remedies.**

A prisoner will be excused from properly exhausting his administrative remedies if he was "prevent[ed], thwart[ed], or hinder[ed]" from doing so by prison officials.  *Little v. Jones,* 607 F.3d 1245, 1250 (10th Cir. 2010).   The PLRA only requires inmates to exhaust administrative remedies that are "available."  *Id*.; 42 U.S.C. § 1997e(a).  The Tenth Circuit has held that "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust."  *Little*, 607 F.3d at 1250 (citing *Lyon v. Vande Krol,* 305 F.3d 806, 808 (8th Cir. 2002) (holding "that inmates cannot be held to the exhaustion requirement of the

---

[2] BCMDC disputes that this attempt actually initiated an internal grievance.  [Doc. 30] at 4. Whether Petitioner's attempt was done properly does not affect the ultimate outcome of this case because the attempt, proper or not, was untimely.

PLRA when prison officials have prevented them from exhausting their administrative remedies")).

Plaintiff alleges for the first time in his response to the Motion that he was "misled" by BCMDC staff to "file a tort claim to get the process started"[3] and that he did not find out about the grievance procedures until May 6, 2013. [Doc. 35] at 6. Although Plaintiff claims he was uninformed about the requirement to exhaust, the Tenth Circuit has held that the "mandatory exhaustion requirement cannot be excused on the ground that the detainee was not informed of the grievance procedure. *Turrietta v. Barreras*, 91 F. App'x 640, 642 (10th Cir. 2004). The PLRA "says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Id.* (quoting *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)). Plaintiff fails to offer any evidence that would excuse his failure to exhaust. The Court finds that Plaintiff was not prevented from exhausting his administrative remedies.

---

[3] Plaintiff did indeed request a tort claim packet on April 17, 2013, which was apparently sent to him the next day. [Doc. 19-3] at 2. This request does not satisfy BCMDC's strict requirement to file an internal grievance. Further, Plaintiff does not allege—much less show—that he ever submitted this packet to anyone at BCMDC.

**Conclusion and Recommended Disposition**

I find that Plaintiff has failed to exhaust his administrative remedies and that he has offered no evidence excusing his failure to exhaust. I therefore recommend that Defendant's Motion for Summary Judgment [Doc. 30] be **GRANTED** and Plaintiff's claims be **DISMISSED without prejudice.**

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**